IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MICHAEL MCCULLOUGH | ) | |
| | ) | |
| v. | ) | NO. 3:15-0499 |
| | ) | |
| KEVIN SUGG | ) | |

TO: Honorable Aleta A. Trauger, District Judge

# R E P O R T  A N D  R E C O M E N D A T I O N

By Order entered May 8, 2015 (Docket Entry No. 4), this action was referred to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court is the motion for summary judgment (Docket Entry No. 40) filed by Defendant Kevin Sugg. Plaintiff has not responded to the motion. For the reasons set out below, the Court recommends that the motion be granted.

## I. BACKGROUND

Plaintiff is an inmate of the Tennessee Department of Correction currently confined at the Trousdale Turner Correctional Facility in Hartsville, Tennessee. On April 29, 2015, he filed this lawsuit *pro se* and *in forma pauperis* against Houston County Sheriff Kevin Sugg ("Sugg"), naming

him in both his individual and official capacities. Plaintiff seeks damages under 42 U.S.C. § 1983 based upon events alleged to have occurred at the Houston County Jail ("Jail") in Erin, Tennessee, where he was previously confined. Plaintiff asserts that he suffers from a variety of medical ailments, including diverticulitis, intestinal problems, panic/anxiety attacks, high blood pressure, and chest pains, and that he was also injured when he fell after slipping due to standing water that had accumulated around a clogged drain at the Jail. *See* Complaint (Docket Entry No. 1) and attachments (Docket Entry No. 1-1). He alleges that Defendant Sugg personally prevented him from receiving medical evaluations and treatment for these medical issues because of the cost of the medical care, and that the lack of treatment caused him to suffer continued pain and to face the need for future treatments. *Id*. He further contends that Defendant Sugg treated him harshly at the Jail because of his need for medical care by confiscating his property and placing him on maximum security lockdown, a restrictive housing location. *Id*.

Upon initial review under 28 U.S.C. §§ 1915 and 1915A, the Court found that Plaintiff had stated colorable constitutional claims that: 1) Defendant was deliberately indifferent to Plaintiff's serious medical needs in violation of his Eighth Amendment rights; and 2) Defendant retaliated against Plaintiff for exercising his right to seek medical care. *See* Docket Entry No. 3 at 4-5.[1] The Court also permitted Plaintiff to proceed on his state law negligence claim concerning the clogged drain claim pursuant to the Court's supplemental jurisdiction under 28 U.S.C. § 1367. Defendant answered the Complaint, *see* Docket Entry Nos. 21 and 34, and the Court entered a scheduling order setting out deadlines for pretrial activity in the action. *See* Docket Entry No. 26.

---

[1] Plaintiff's claim that the diet at the Jail was constitutionally inadequate was dismissed for failure to state a claim. *See* Docket Entry No. 4 at 2.

In his motion for summary judgment, Defendant argues that the undisputed facts establish that he is entitled to judgment as a matter of law in his favor. Defendant contends that Plaintiff cannot set forth any evidence supporting the allegations that he was denied constitutionally adequate medical care or that he was retaliated against or otherwise mistreated while confined at the Jail. To the contrary, Defendant argues that the prison records submitted in support of his motion show that Plaintiff was regularly provided with medical treatment and that the acts he contends were retaliatory were matters of routine Jail management or were appropriate actions taken to manage Plaintiff's own disruptive behavior at the Jail. To the extent that Plaintiff has named Defendant in his official capacity, Defendant argues that there is no evidence that would support a claim for municipal liability against Houston County. Defendant also raises the defenses of failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a), failure to allege a physical injury as required by 42 U.S.C. § 1997e(e), and qualified immunity. Finally, Defendant raises several defenses to the state law negligence claim. Defendant supports his motion with his own declaration (Docket Entry No. 45), as well as with copies of Jail documents and Plaintiff's medical care records. *See* Docket Entry Nos. 45-1 to 45–21, Docket Entry No. 46, and Docket Entry Nos. 46-1 to 46-40.

By Order entered February 24, 2016 (Docket Entry No. 47), Plaintiff was notified of the motion and given a deadline of April 15, 2016, to file a response. To date, no response has been filed by Plaintiff.

## II. STANDARD OF REVIEW

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the

Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." *Sowards v. Loudon Cnty.*, 203 F.3d 426, 431 (6th Cir.), *cert. denied*, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir.), *cert. denied*, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, at 249-50. "Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings. *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 252).

4

# III. CONCLUSIONS

Although the allegations in Plaintiff's Complaint were sufficient to permit the case to survive initial frivolity review under 28 U.S.C. §§ 1915 and 1915A, Plaintiff has not responded to the arguments made by Defendant in his dispositive motion, has not responded to Defendant's statement of undisputed facts in support of summary judgment (Docket Entry No. 43) as required by Rule 56.01(c) of the Local Rules of Court, and has not set forth any evidence supporting his claims. When a motion for summary judgment is made and properly supported under Rule 56 of the Federal Rules of Civil Procedure, such as the motion filed by Defendant, the non-moving party may not merely rest on allegations contained in the complaint, but must respond with affirmative evidence supporting his claims and establishing the existence of a genuine issue of material fact. *See Celotex Corp.*, 477 U.S. at 323-24; *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002); *Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989). As the Sixth Circuit has noted, when a defendant files a motion for summary judgment, the plaintiff is challenged to "put up or shut up" on critical issues. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989). Plaintiff's *pro se* status does not relieve him of his obligation to point to admissible evidence showing that genuine issues of material fact exist which require that the action proceed to trial. This is the threshold requirement for all non-moving parties when summary judgment is sought by an opposing party. *Sixty Ivy St. Corp. v. Alexander,* 822 F.2d 1432, 1435 (6th Cir. 1987).

Because Plaintiff has not offered any actual evidence supporting his version of the facts alleged in his Complaint, the only evidence in the record is that provided by Defendant. This evidence, even when viewed in the light most favorable to Plaintiff as the non-moving party, fails to support the constitutional claims alleged in this action.

The evidence shows that Plaintiff was housed at the Jail beginning on February 15, 2015.[2] *See* Declaration of Sugg at ¶ 41. The undisputed medical records and other evidence submitted by Defendant shows that, during the two months following Plaintiff's intake at the Jail, he was taken to the local hospital for examination and treatment on two occasions, was prescribed medications for his issues, had x-rays taken, had his blood pressure and heart rate checked, and was observed through observation checks for a period of time. *Id*.; Docket Entry Nos 45-5, 45-7 to 45-9, 46-28 to 46-32 and 46-35 to 46-37. Staff at the Jail also responded to his medical request forms in instances when no medical treatment was provided. *See* Docket Entry Nos. 45-10, 46-33, 46-34, and 46-38. There is no evidence showing that Plaintiff suffered from a serious medical need that was ignored or showing that Defendant acted with deliberate indifference to such a need, as required for a claim that a prisoner's medical care was so deficient that it violated the protections of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Although "medical care which is so cursory as to amount to no treatment at all may amount to deliberate indifference," *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843–44 (6th Cir. 2002) (internal quotation marks and citation omitted), the evidence before the Court does not even come close to supporting such a conclusion. When a prisoner has received some medical attention and the dispute is over the adequacy of that care, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law, *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976), and it is well-settled that neither negligence nor medical

---

[2] Defendant sets out evidence of Plaintiff's lengthy history of incarceration and medical treatment at the Jail, going as far back as 2000. However, the time period relevant to the claims in this action is February 15, 2015, to mid-April, 2015, when Plaintiff filed his Complaint.

malpractice will support a constitutional claim. *See Estelle*, 429 U.S. at 106; *Walker v. Norris*, 917 F.2d 1449, 1454 (6th Cir. 1990); *Roberts v. City of Troy*, 773 F.2d 720, 724 (6th Cir. 1985).

The undisputed evidence also shows that Plaintiff's placement in a more restrictive housing location at the Jail was due to either the need to observe him or the need to manage his disruptive behavior at the Jail. *See* Declaration of Sugg at ¶¶ 47, 51, 64, and 67-68; Docket Entry Nos. 45-7, 45-13, 45-15, and 45-17 to 45-32. Plaintiff clearly objected to these restrictions, but there is no evidence before the Court that supports a conclusion that these housing restrictions were imposed on Plaintiff because of a retaliatory animus on the part of Defendant due to Plaintiff's requests for medical care. Such a showing is required for a claim of retaliation. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Conclusory allegations of a retaliatory motive, such as those made by Plaintiff, fail to raise a genuine issue of fact for trial. *Murray v. Unknown Evert*, 84 Fed.App'x. 553, 556, 2003 WL 22976618 (6th Cir. Dec. 8, 2003). To the extent that Plaintiff alleges that Defendant either confiscated Plaintiff's property or directed that it be confiscated as retaliation against Plaintiff for requesting medical care, this allegation is likewise unsupported by any evidence and is supported only by conclusory allegations.

In the end, there is no evidence before the Court showing that Defendant treated Plaintiff in a manner that violated his constitutional rights. Indeed, the evidence before the Court supports the opposite conclusion. *See* Declaration of Sugg. There is also no evidence that would support a claim of municipal liability based on the official capacity claims brought against Defendant. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Finally, Plaintiff has offered no evidence rebutting Defendant's evidence regarding the clogged drain, *see* Declaration of Sugg at ¶¶ 49-50, and even remotely supporting a claim of negligence under state law.

7

Based upon the evidence that is before the Court and in light of the complete lack of evidence from Plaintiff supporting his claims, no reasonable jury could find in his favor on his claims and Defendant is entitled to summary judgment in his favor on the merits of Plaintiff's claims. Given the lack of evidence supporting Plaintiff's claims, the Court finds it unnecessary to address any of the alternative arguments for dismissal raised by Defendant.

## RECOMMENDATION

Based on the forgoing, the Court respectfully RECOMMENDS that the motion for summary judgment (Docket Entry No. 40) filed by Defendant Kevin Sugg be GRANTED and that this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge